IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00143-MR-WCM

| | |
|---|---|
| REBECCA MICHELLE HAMRICK *individually and as a parent of her minor children A.H. and K. H.;* and, HALEY HARRISON, <br><br>Plaintiffs, <br><br>v. <br><br>RUTHERFORD COUNTY, *a political subdivision of the State of North Carolina;* <br>JOHN K. CARROLL, *in his individual capacity;* <br>KIMBER DOVER-JACKSON, *in her individual capacity;* and, <br>KELSEY FERGUSON, *in her individual capacity,* <br><br>Defendants. | ORDER |

This matter is before the Court on Defendants' Motion to Seal (Doc. 10), by which Defendants seek leave to file under seal Exhibit 1 to the memorandum supporting their Motion to Dismiss. Defendants state that Exhibit 1 is a copy of the safety assessment signed by Plaintiff Rebecca Michelle Hamrick ("Hamrick") on July 24, 2019, and that it contains

1

information related to child protective service records that are protected from disclosure by North Carolina General Statute §7B-302(a1).[1]

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Under the Local Rules of this District, a party's request to file materials under seal must set forth: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to sealing; (3) a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and (4) supporting statutes, case law, or other authority. LCvR 6.1(c).

Here, Defendants have described the material sought to be sealed and have cited a specific provision of North Carolina law in support of their request. See N.C.G.S. § 7B-302(a1) ("All information received by the department of

---

[1] The document is eight (8) pages long. The first six (6) pages are entitled "safety assessment" and the final two (2) pages are entitled "temporary parental safety agreement."

2

social services, including the identity of the reporter, shall be held in strictest confidence by the department…," except under certain circumstances).

Additionally, the Motion has been pending since October of 2022, such that the public has had a reasonable opportunity to object to the sealing request.

Finally, Plaintiffs consent to the request.

Under these circumstances, the undersigned finds that Defendants have made a sufficient showing to warrant the sealing of Exhibit 1 at this time. However, having reviewed the docket, including Defendants' pending Motion to Dismiss and the associated briefing, the undersigned notes that Plaintiffs' Complaint alleges that Hamrick executed a safety agreement on July 24, 2019, Doc. 1 at ¶ 46, but that Plaintiffs challenge the authenticity of the specific document that is the subject of the Motion to Seal. Doc. 13 at 8, n.3 ("Plaintiff …disputes the authenticity of the document that Defendants attached to their Memorandum as Exhibit 1."). Consequently, this ruling is subject to further consideration as the case progresses, as may be necessary.

IT IS THEREFORE ORDERED that the Motion to Seal (Doc. 10) is GRANTED, and Exhibit 1 (Doc. 9-1) is SEALED until further Order of the Court.

This the 24th day of March, 2023.

_____
W. Carleton Metcalf
United States Magistrate Judge