**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:22-cv-00143-MR-WCM**

| | |
|---|---|
| **REBECCA MICHELLE HAMRICK,** )<br>**individually and as parent** )<br>**of minors A.H. and K.H., and** )<br>**HAYLEY HARRISON,** )<br> )<br>**Plaintiffs,** )<br> )<br>**vs.** )<br> )<br>**KIMBER DOVER-JACKSON** )<br>**and KELSEY FERGUSON,** )<br> )<br>**Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion to Seal

[Doc. 34] and the Plaintiffs' Motion to Seal [Doc. 38].

The Defendants move for leave to file under seal Exhibit 2 to

Defendants' Memorandum in Support of Motion for Summary Judgment

[Doc. 33]. [Doc. 34]. The Plaintiffs move to file under seal multiple exhibits

to their Memorandum in Opposition for Summary Judgment [Doc. 39]. [Doc.

38]. The parties represent that they consent to each other's motions. [Id.;

Doc. 34].

The press and the public have, under both the First Amendment and

the common law, a qualified right of access to judicial documents and

records filed in civil and criminal proceedings. <u>Doe v. Public Citizen</u>, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" <u>Id.</u> at 265-66 (quoting in part <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" <u>Id.</u> at 266 (quoting in part <u>In re Wash. Post Co.</u>, 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." <u>Ashcraft v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motions. The parties' motions were filed on May 3, 2024, and June 8, 2024, and have been

accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the exhibits at issue reference sensitive information about the Plaintiffs that is deemed confidential under North Carolina state law, specifically, notes from the Department of Social Services ("DSS") regarding their investigation of the Plaintiffs and other DSS documents that relate to the events at issue in this case. The parties have also shown that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these materials is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Seal [Doc. 34] is **GRANTED**, and the documents filed as Documents 33 shall remain under seal until further Order of the Court.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Seal [Doc. 38] is **GRANTED**, and the documents filed as Document 39 shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: July 1, 2024

Martin Reidinger
Chief United States District Judge